OPINION & ORDER
PER CURIAM.
Facts
This matter is before the Court of Appeals on the appeal of Homer B. Cook from the Findings of Fact and Conclusions of Law entered by the Cheyenne River Sioux Tribal Court on January 29, 1998 denying a modification of child support. Plaintiff, Homer B. Cook, the Appellant here, represented himself without legal counsel and filed a series of written briefs in this appeal. No appearance or brief was filed for the Respondent Norma M. Widow. No party requested oral argument and, accordingly, the matter was heard on the papers submitted to the Court of Appeals.
The parties were divorced in the Tribal Court on August 24, 1993. The Respondent was awarded child support in the amount of $300.00 per month. On May 15, 1995, the Tribal Court reduced the Petitioner’s child support obligation to the amount of $150.00 per month. That order also determined that as of the date of the order, the Appellant had an arrearage in the amount $5,268.79.
Appellant again sought an adjustment from the Tribal Court of his arrearage going back to 1989 and a modification in child support. The Tribal Court found that the Appellant had “managed to avoid child support for considerable times by changing jobs” and declined to modify the child support decrees. Appellant appealed that determination.
On appeal, the Appellant seeks to have this Court review a series of orders including the January 29, 1998 order of the Tribal Court refusing to modify child support, the Order Granting Modification of Divorce Decree & Determination of Ar-rearages, dated May 15, 1995, and other earlier orders of the Tribal Court dating back 1993.
Analysis
Rule 84(c) of the Cheyenne River Sioux Rules of Civil Procedure requires that a notice of appeal from any judgement or decree be filed within 30 days of the entry of the court order for which review is sought. Insofar as the Appellant’s brief requests that this Court review determinations made in earlier decrees other than *66 the Findings of Fact and Conclusions of Law entered January 29, 1998, such claims are barred by Rule 84(c) and not properly before this Court in this appeal. Most of the claims made by the Appellant in his brief involve such prior orders which cannot now be contested on appeal due to his failure to file a timely notice of appeal from these earlier decrees.
Insofar as the Appellant challenges the child support determinations made in the January 29,1998 decree, his brief presents no grounds whatsoever as to why the Tribal Court may have erred when it denied any modification of his $150.00 per month child support obligation and declined to credit him with the amounts taken from his IIM account funds or IRS tax refunds where he was unready and unable to document the amount of those funds at the hearing on his motion. Rather, his briefs primarily attack earlier rulings in this case which, as noted above, are not properly before this Court on appeal.
Neither the Appellant and Respondent were represented by counsel in this proceeding. The Appellant filed his papers pro se. This Court historically has been and continues to be highly respectful of the ability and right of parties to appear before this Court without legal counsel and to represent themselves. It permits some flexibility, for example, in the rigor of its enforcement of court rules to facilitate the presentation of cases by non-lawyer parties who are representing themselves. For example, the Appellant’s briefs in this matter did not fully comply with the normal format or the court rules and, nevertheless, his filings were fully considered by the Court without drawing any adverse inference from their format. Likewise, the Clerk of Court frequently is of assistance to parties in indicating the applicable rales of court or the normal course of proceeding. Nevertheless, while desiring to facilitate and fully hear parties who represent themselves, this Court must require all parties to comply with the basic ground rules and framework for presentation of appellate cases, such as requiring an appealing party to first present all claims to the trial court, to file a timely notice of appeal, or to supply the Court with a record and brief that demonstrates a legal error made by the court below that constitutes reversible error. This Court cannot do that work for the parties, although it will go out of its way to entertain claims raised in unconventional formats so long as they comply with the basic ground rules for presentation of appeals. Here the Appellant failed to appeal some of his claims from prior rulings in a timely fashion and has not presented through his filings any grounds for this Court finding reversible error
The party appealing an order has the burden of demonstrating a legal or factual error committed by the Tribal Court requiring its reversal. Here, the Appellant presented no grounds whatsoever to this Court to disturb the Tribal Court’s January 29, 1998 ruling. He therefore has shown no reversible error.
Accordingly, the Findings of Fact and Conclusions of Law entered by the Cheyenne River Sioux Tribal Court on January 29, 1998 must be and hereby are affirmed.
Ho hecetu yelo.
IT IS SO ORDERED.